UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN J. YOUNG,<br><br>  Plaintiff,<br><br>  v.<br><br>J. COBURN, et al.,<br><br>  Defendants. | No. 2:18-cv-1901 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 9, 2018, the court received plaintiff's consent to magistrate judge jurisdiction. (ECF No. 11.) He has now filed a motion seeking to revoke his consent on the ground that he would like to have his case decided by a jury instead of a magistrate judge and a notice declining magistrate judge jurisdiction. (ECF Nos. 15, 16.) Although a party in a civil case has a constitutional right to have his case adjudicated by an Article III judge, that right can be waived. Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993) (citation omitted). Once consent to magistrate judge jurisdiction has been given, "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." Id. at 480 (citation omitted); United States v. Neville, 985 U.S. 992, 1000 (9th Cir. 1993) ("Although . . . waiver of a constitutional right, 'should not, once uttered, be deemed forever binding,' there is no absolute right to withdraw consent once granted. (quoting United States v. Mortensen, 860 F.2d 948, 950

1

(9th Cir. 1988))); see also Carter v. Sea Land Servs., Inc., 816 F.2d 1018, 1021 (5th Cir. 1987) ("Once a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will."). Consent "can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" Dixon, 990 F.2d at 480 (quoting 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b); Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir. 1984)).

Because consenting to magistrate judge jurisdiction does not deprive plaintiff of his right to a jury trial he has not shown good cause or extraordinary circumstances warranting the withdrawal of his consent. Consent to a magistrate judge's jurisdiction determines only whether the case will be presided over by a magistrate judge or a district judge. Plaintiff's motion to withdraw his consent will be denied, the notice declining magistrate judge jurisdiction will be disregarded, and the court will construe the motion to withdraw as a demand for a jury trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to withdraw his consent to magistrate judge jurisdiction (ECF No. 15) is denied and the motion to withdraw is construed as a demand for a jury trial.

2. Plaintiff's notice declining magistrate judge jurisdiction (ECF No. 16) is disregarded.

Dated: July 31, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:youn1901.withdraw