UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN J. YOUNG, | No. 2:18-cv-1901 CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. COBURN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 2, 22.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff alleges that defendants Coburn, Frederick, Baughman, Haynie, Nappen, and Rodriguez violated his rights under the Eighth Amendment when they failed to protect him from other inmates. (ECF No. 1 at 2-3.) The complaint is comprised of the following summary of claims:

> J. Coburn falsely documented that I refused committee on 6-28-2017 to address safety. I was never aware because on the date I was in crisis bed. J. Frederick falsely document he discuss releasing back to C-yard where my life was in danger. D. Baughman was the superior, and did not investigate this committee action. Lieutenant R. Haynie allowed me to return knowing my life was in danger and he allowed me to walk the yard until I was attacked. C/O Nappen and C/O Rodriguez lied to my cellmate that I rollup from yard so wouldn't get killed.

(Id. at 3.) The remainder of the complaint is comprised of approximately fifty pages of exhibits that appear to be from prisoner appeals. (Id. at 5-54.) Although the appeals appear to be related to the incidents complained of, they add little to the complaint as they largely fail to identify the actions of any specific individuals and many of the documents are simply requests for copies or the status of the appeal.

IV. Failure to Protect

"The Constitution does not mandate comfortable prisons, but neither does it permit

inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

### A. Claims for Which a Response Will Be Required

Plaintiff claims that defendant Haynie allowed him to be released to the yard, despite being aware of the existing danger to plaintiff's safety that ultimately led to him being assaulted a few hours later. (ECF No. 1 at 3.) These allegations are sufficient to state a claim for relief and will require a response. Similarly, plaintiff's claims that defendants Nappen and Rodriguez put his safety in danger when they lied to his cellmate and told him that plaintiff had rolled up[1] from the yard are sufficient to state a claim and will require a response. Plaintiff's appeal states that he was originally removed from C-yard because of an anonymous threat against his life, and that when he returned to C-yard other inmates told him that officers were setting him up to get stabbed because Rodriguez and Nappen told his cellmate that he had rolled up. Id. at 13. Based on these allegations, the court can infer that defendants' statement to plaintiff's cellmate was intended to provoke a hostile response from other inmates when plaintiff returned to the yard by indicating that his temporary removal was due to him being targeted by other inmates, thereby communicating that plaintiff had done something to warrant being assaulted or killed. (Id. at 3,

---

[1] The term "roll up" is often used by prisoners to indicate that they are being removed from the yard for disciplinary or protective purposes.

4

15.)

   B. Failure to State a Claim

Plaintiff's allegation that Coburn falsely documented that he refused to attend the committee meeting to address his safety fails to state a claim. It is unclear whether he is asserting that the information was false because he actually attended the meeting or because he was absent, but not because he refused to appear. More importantly, it is unclear what effect this allegedly false information had on plaintiff's safety. The fact that Coburn incorrectly documented plaintiff's participation in the committee, absent more, is insufficient to state a claim. For the same reason, plaintiff's claim that Frederick falsely documented that he discussed plaintiff's release to C-yard with plaintiff also fails to state a claim. Plaintiff has failed to explain how this allegedly false information either put him at risk or shows that Frederick ignored a risk to his safety.

Finally, plaintiff's claim that defendant Baughman was a superior and failed to investigate the committee's action does not state a claim for relief. "There is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. The mere fact that Baughman was a supervisor does not make him liable for the actions of his subordinates, and it is not clear that Baughman was aware of the conduct that put plaintiff at risk at a time when he could have acted to prevent the harm to plaintiff. If Baughman only found out about what happened after plaintiff was assaulted, his failure to investigate the incident does not violate plaintiff's rights.

V.   Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state

cognizable claims against defendants Coburn, Frederick, or Baughman. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Haynie, Nappen, and Rodriguez on his claim that they failed to protect him, or he may delay serving any defendant and amend the complaint to attempt to state cognizable claims against defendant Coburn, Frederick, and Baughman.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Haynie, Nappen, and Rodriguez without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against defendants Coburn, Frederick, and Baughman.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is cautioned that the court is not required to review exhibits attached to the complaint and he should not rely on exhibits to make his claims. Plaintiff should make sure to explain his claims against each defendant in the complaint itself.

### VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Your claims against defendants Haynie, Nappen, and Rodriguez state claims for relief and these defendants will be required to respond to the complaint.

Your claims against defendants Coburn, Frederick, and Baughman are not sufficient to state claims for relief because you have not explained how putting false information in the reports put you in danger or ignored a risk to your health or safety. You also have not shown that Baughman knew about what was going on at a time when he could have done something about it.

If you want, you can either (1) proceed immediately on your claims against defendants Haynie, Nappen, and Rodriguez and withdraw the other claims or (2) try to amend the complaint to state claims against defendants Coburn, Frederick, and Baughman. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against defendants Coburn, Frederick, and Baughman. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 22) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Coburn, Frederick, and Baughman do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Haynie, Nappen, and Rodriguez as set forth in Section IV.A above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against Coburn, Frederick, and Baughman.

Dated: April 8, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:youn1901.14.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN J. YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. COBURN, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-1901 CKD P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Haynie, Nappen, and Rodriguez without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants Coburn, Frederick, and Baughman.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　Brian J. Young
　　　　　　　　　　　　　　　　　　　　Plaintiff pro se