UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN J. YOUNG, | No. 2:18-cv-1901 CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. COBURN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed April 8, 2019, plaintiff was given the option to either proceed on his complaint as screened or to amend the complaint. (ECF No. 32.) Plaintiff chose to proceed on the complaint as screened and to voluntarily dismiss without prejudice his claims against defendants Coburn, Frederick, and Baughman (ECF No. 35) and service was ordered on the remaining defendants (ECF No. 38). Plaintiff has now filed a motion to amend the complaint that also requests appointment of an attorney. (ECF No. 37.) In the motion, plaintiff requests an attorney so that he can proceed without errors that will be beneficial to the California Department of Corrections and Rehabilitation and seeks to amend the complaint to add California State Prison (CSP)-Sacramento as a defendant since he "was force[d] to remove J. Coburn from the complaint." (Id.)

////

As an initial matter, plaintiff was not "forced" to dismiss his claims against defendant Coburn. He was given the option to amend to try and state a claim against Coburn (ECF No. 32) and chose not to exercise that option (ECF No. 35). The claims against Coburn were dismissed without prejudice, so plaintiff is free to try to amend the complaint to try to bring those claims again following the procedures set forth in Rule 15 of the Federal Rules of Civil Procedure. However, the request to amend the complaint to add CSP-Sacramento will be denied because the prison is immune from suit under § 1983. Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[v. Mich. Dept. of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").

Plaintiff's request for appointment of counsel will also be denied. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

To date, plaintiff has shown that he is capable of articulating his claims without assistance and his request for counsel so that he can avoid making any mistakes does not establish the exceptional circumstances necessary to warrant appointment of counsel.

////

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend and for appointment of counsel (ECF No. 37) is denied.

Dated: April 23, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:youn1901.31