UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN J. YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. COBURN, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-1901-JAM-CKD<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to withdraw consent to magistrate judge jurisdiction. ECF No. 15.

I. BACKGROUND

On July 9, 2018, the Court received Plaintiff's consent to have the magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. ECF No. 11. Approximately two weeks later, the Court received Plaintiff's request to withdraw his consent to magistrate judge jurisdiction, along with a form declining consent, on the ground that Plaintiff

wanted his case heard by a jury rather than by a magistrate judge. ECF Nos. 15, 16. The magistrate judge assigned to the case denied the motion on the ground that Plaintiff had not shown good cause or extraordinary circumstances warranting the withdrawal of his consent because consenting to magistrate judge jurisdiction did not deprive him of his right to a jury trial. ECF No. 20. The motion to withdraw was further construed as a demand for a jury trial. Id.

On September 26, 2019, the magistrate judge vacated the order denying Plaintiff's motion to consent in light of the Ninth Circuit's recent decisions in Gilmore v. Lockard, 936 F.3d 857, 863 (9th Cir. 2019) (showing of good cause or extraordinary circumstances not necessary to withdraw magistrate judge consent before all parties have consented), and Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019) (district judge must rule on motion to withdraw consent).

## II. OPINION

At the time Plaintiff moved to withdraw his consent, Defendants had not been served and therefore had yet to consent or decline magistrate judge jurisdiction.[1] Accordingly, Plaintiff was not required to demonstrate good cause or extraordinary circumstances in moving to withdraw his consent. Gilmore, 936 F.3d at 863. However, in moving to withdraw his consent to magistrate judge jurisdiction, Plaintiff stated that he was seeking to withdraw consent because he wanted his case

---

[1] The Court notes that, to date, Defendants have yet to consent or decline magistrate judge jurisdiction.

decided by a jury rather than a magistrate judge. ECF No. 15. As the magistrate judge explained, consenting to magistrate judge jurisdiction does not deprive Plaintiff of his right to a jury trial and instead determines only whether the case will be presided over by a magistrate judge or a district judge. ECF No. 20. Since Plaintiff's request to withdraw consent appears to be based upon a misunderstanding of whether he is entitled to a jury trial rather than on a desire to have his case heard by a district judge, the motion to withdraw is denied.

III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion to withdraw consent to magistrate judge jurisdiction.

DATED: October 3, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE