1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRIAN J. YOUNG,                          No.  2:18-cv-1901 JAM CKD P

12              Plaintiff,

13        v.                                  ORDER and FINDING &
                                             RECOMMENDATIONS
14   J. COBURN, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil action pursuant to 42 U.S.C. §

18   1983.  Currently before the court is defendants' motion for summary judgment.  ECF No. 72.

19        I.        Plaintiff's Allegations and Procedural History

20        Plaintiff alleges in his complaint that defendants Coburn, Frederick, Baughman, Haynie,

21   Nappen, and Rodriguez violated his rights under the Eighth Amendment when they failed to

22   protect him from other inmates.  (ECF No. 1 at 2-3).  Specifically, plaintiff states that Coburn and

23   Frederick falsified documents regarding plaintiff's safety; that Baughman, the supervisor, did not

24   investigate these actions; that Haynie allowed plaintiff to be attacked; and that Nappen and

25   Rodriguez lied to his cellmate.  (Id. at 3.)

26        The undersigned screened the complaint and found that plaintiff's claims against Coburn,

27   Frederick, and Baughman did not state claims for which relief could be granted.  (ECF No. 32 at

28   8.)  The undersigned gave the plaintiff the option of proceeding on his Eighth Amendment claims

1

1  against Haynie, Nappen, and Rodriguez, or amending the complaint.  (Id.)  Plaintiff opted to

2  proceed on his Eighth Amendment claims against Haynie, Nappen, and Rodriguez.  (ECF No.

3  35.)  Defendants then answered the complaint.  (ECF No. 68.)

4         On November 5, 2019, defendants filed the instant motion for summary judgment.  (ECF

5  No. 72.)  On January 2, 2020, plaintiff filed a document titled "Motion: To Prove Corruption,

6  And Abuse of Power."  (See ECF No. 74.)  Plaintiff then filed a document titled "Opposition" on

7  January 13, 2020.  (ECF No. 79.)  Defendants replied on January 30, 2020.  (ECF No. 83.)

8         Plaintiff has also filed a motion for hearing (ECF No. 81), and a motion to subpoena a

9  witness (ECF No. 82).

10     II.     Legal Standards for Summary Judgment

11         Summary judgment is appropriate when the moving party "shows that there is no genuine

12  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

13  Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party initially bears the burden

14  of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627

15  F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The

16  moving party may accomplish this by "citing to particular parts of materials in the record,

17  including depositions, documents, electronically stored information, affidavits or declarations,

18  stipulations (including those made for purposes of the motion only), admissions, interrogatory

19  answers, or other materials" or by showing that such materials "do not establish the absence or

20  presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

21  support the fact."  Fed. R. Civ. P. 56(c)(1).

22         "Where the non-moving party bears the burden of proof at trial, the moving party need

23  only prove that there is an absence of evidence to support the non-moving party's case."  Oracle

24  Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

25  Indeed, summary judgment should be entered, "after adequate time for discovery and upon

26  motion, against a party who fails to make a showing sufficient to establish the existence of an

27  element essential to that party's case, and on which that party will bear the burden of proof at

28  trial."  Celotex, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element

1    of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323.  In such

2    a circumstance, summary judgment should "be granted so long as whatever is before the district

3    court demonstrates that the standard for the entry of summary judgment, as set forth in Rule

4    56(c), is satisfied." <u>Id.</u>

5         If the moving party meets its initial responsibility, the burden then shifts to the opposing

6    party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec.</u>

7    <u>Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).  In attempting to establish the

8    existence of this factual dispute, the opposing party may not rely upon the allegations or denials

9    of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

10   admissible discovery material, in support of its contention that the dispute exists. <u>See</u> Fed. R.

11   Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, i.e., a

12   fact "that might affect the outcome of the suit under the governing law," <u>Anderson v. Liberty</u>

13   <u>Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>,

14   809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a

15   reasonable jury could return a verdict for the nonmoving party," <u>Anderson</u>, 447 U.S. at 248.

16        In the endeavor to establish the existence of a factual dispute, the opposing party need not

17   establish a material issue of fact conclusively in its favor.  It is sufficient that "'the claimed

18   factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the

19   truth at trial.'" <u>T.W. Elec. Serv.</u>, 809 F.2d at 630 (quoting <u>First Nat'l Bank of Ariz. V. Cities</u>

20   <u>Serv. Co.</u>, 391 U.S. 253, 288-89 (1968).  Thus, the "purpose of summary judgment is to pierce the

21   pleadings and to assess the proof in order to see whether there is a genuine need for trial."

22   <u>Matsushita</u>, 475 U.S. at 587 (citation and internal quotation marks omitted).

23        "In evaluating the evidence to determine whether there is a genuine issue of fact, [the

24   court] draw[s] all inferences supported by the evidence in favor of the non-moving party." <u>Walls</u>

25   <u>v. Central Costa Cnty. Transit Auth.</u>, 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted).  It is

26   the opposing party's obligation to produce a factual predicate from which the inference may be

27   drawn. <u>See</u> <u>Richards v. Nielsen Freight Lines</u>, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to

28   demonstrate a genuine issue, the opposing party "must do more than simply show that there is

3

1  some metaphysical doubt as to the material facts." <u>Matsushita</u>, 475 U.S. at 586 (citations

2  omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the

3  non-moving party, there is no 'genuine issue for trial.'" <u>Id.</u> at 587 (quoting <u>First Nat'l Bank</u>, 391

4  U.S. at 289).

5        Defendants simultaneously served plaintiff with notice of the requirements for opposing a

6  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure along with their motion for

7  summary judgment.  ECF No. 164-1; <u>see</u> <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411 (9th Cir.

8  1988); <u>Rand v. Rowland</u>, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (movant may provide

9  notice).

10       III.    Exhaustion Standard

11       The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with

12  respect to prison conditions under section 1983 of this title, . . . until such administrative remedies

13  as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner must exhaust his

14  administrative remedies before he commences suit.  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199–

15  1201 (9th Cir. 2002).  Compliance with this requirement is not achieved by satisfying the

16  exhaustion requirement during the course of a civil action.  <u>See</u> <u>McKinney</u>, 311 F.3d 1198 (9th

17  Cir. 2002).  Failure to comply with the PLRA's exhaustion requirement is an affirmative defense

18  that must be raised and proved by the defendant.  <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007).  In the

19  Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion

20  to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of

21  the complaint, or (2) a motion for summary judgment.  <u>Albino v. Baca</u>, 747 F.3d 1162, 1169 (9th

22  Cir. 2014) (en banc).  An untimely or otherwise procedurally defective appeal will not satisfy the

23  exhaustion requirement.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006).

24       In order to defeat a properly supported motion for summary judgment based on a

25  prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with

26  some evidence showing" that he has either (1) properly exhausted his administrative remedies

27  before filing suit or (2) "there is something in his particular case that made the existing and

28  generally available remedies unavailable to him by 'showing that the local remedies were

4

ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" <u>Williams v. Paramo</u>, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting <u>Hilao v. Estate of Marcos</u>, 103 F.3d 767, 778 n.5) (9th Cir. 1996)); <u>Jones</u>, 549 U.S. at 218.  "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1859 (2016) (quoting <u>Booth v. Churner</u>, 532 U.S. 731, 738 (2001)).  If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014).  If there is at least a genuine issue of material fact as to whether the administrative remedies were properly exhausted, the motion for summary judgment must be denied.  <u>See</u> Fed. R. Civ P. 56(a).

        In the prison context, CDCR regulations provide three formal levels of review to address "any policy, decision, action, condition, or omission by the department or its staff that the inmate... can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a); <u>see also</u> Cal. Code Regs. tit. 15, §§ 3084.1-3085. An inmate appeal is initiated by submitting a CDCR Form 602 which describes "the specific issue under appeal and the relief requested."  Cal. Code Regs. tit. 15, § 3084.2(a). The issue specified in the 602 Form is "addressed through all required levels of administrative review up to and including the third level.  Cal. Code Regs. tit. 15, §§ 3084.1(b)-3084.2(a).  First and second level appeals are submitted and reviewed by the appeals coordinator at the prison.  Cal. Code Regs. tit. 15, § 3084.2(c).  If a prisoner is dissatisfied with the second level response, he or she can mail a third level appeal to the Appeals Chief. Cal. Code Regs. tit. 15, § 3084.2(d)(3).  Administrative procedures generally are deemed exhausted once a plaintiff has received a third level review with respect to his issue or claim.  Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d).  An appeal may be rejected or cancelled if it fails to comply with the regulations governing the appeal process, but the inmate is provided the reason for the rejection as well as instructions on how to correct the defect, if possible.  <u>See</u> Cal. Code Regs. tit. 15, § 3084.6.  California state prisoners are required to use this process to exhaust their claims prior to filing suit.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 85-86 (2006); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 84 (2006). When an inmate's administrative grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir.2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir.2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (recognizing that "[d]elay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available.").

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69.

IV.    Motion for Summary Judgment

A.  Defendants' Arguments

Defendants argue that the Prisoner Litigation Reform Act precludes plaintiff from succeeding in this action because inmates must exhaust administrative remedies before filing a lawsuit.  (ECF No. 72-2 at 5.)  Defendants contend that plaintiff did not exhaust his administrative remedies when he failed to correctly appeal alleged staff misconduct by submitting an appeal without the requisite Form 1858 attached.  (Id. at 7.)

B.  Plaintiff's Response

At the outset, the court notes that plaintiff has failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A), which requires that "a party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."  Plaintiff has also failed to file a separate document disputing defendants' statement of undisputed facts as required by Local Rule 260(b).

However, it is well-established that the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519,

6

520 (1972) (per curiam).  Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  However, the unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364-65 & n.4 (9th Cir. 1986) (alteration in original) (citations and internal quotation marks omitted).  Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule.  Id. at 1364 n.4 (citation omitted).

The court is mindful of the Ninth Circuit's more overarching caution in this context, as noted above, that district courts are to "construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly."  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  Accordingly, the court will consider the record before it in its entirety.  However, only those assertions in the opposition which have evidentiary support in the record will be considered.

Here, plaintiff filed a document titled "Motion: To Prove Corruption, And Abuse of Power," arguing that he mailed ten separate documents including the Form 1858, and that despite defendants' argument otherwise, defendants were in possession of the requisite form.  (ECF No. 74 at 1.)  Plaintiff also filed a document titled "opposition" stating that because defendants have high paid lawyer, they can manipulate the facts.  (ECF No. 79.)  Plaintiff filed a supplementary filing, arguing that several cases support the proposition that plaintiff took steps that were reasonable to pursue administrative remedies, and thus his claim is not barred.  (ECF No. 85 at 1.)

V.    Facts

The court views the facts and draws inferences in the manner most favorable to plaintiff as the non-moving party.  Unless otherwise noted, the following facts are expressly undisputed by the parties or the court has determined them to be undisputed based on thorough review of the record.  These facts are taken from the Defendants' Statement of Undisputed Facts (DSUF), (ECF

No. 72-3), Plaintiff's Opposition to Motion for Summary Judgment, (ECF No. 79), and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, (ECF No. 83).

Plaintiff alleges defendants Haynie, Rodriguez, and Nappen endangered his safety by allowing him to be attacked by other inmates. (ECF No. 1 at 3; DSUF ¶ 2.) Plaintiff alleges he exhausted administrative remedies for the claims at issue by submitting appeal no. SAC-C-17-02771. (ECF No. 1 at 1-2; DSUF ¶ 3.) CDCR uses a program called the Inmate Appeals Tracking System (IATS) to electronically log and track non-medical appeals through all levels of review. (DSUF ¶ 4.) CDCR and California State Prison, Sacramento (CSP-SAC), at all relevant times, had an administrative process for inmates to submit appeals. (Id. ¶ 5.) The CSP-SAC Appeals Office receives, reviews, and tracks all non-medical appeals for first and second-level review, and CDCR's Office of Appeals (OOA) receives, reviews, and tracks all third and final levels of review. (Id. ¶ 6-7.)

Any inmate submitting an appeal must submit a CDCR Form 1858 Rights and Responsibility Statement if the appeal is a complaint alleging staff misconduct. (Id. ¶ 8.) CDCR Form 1858 Rights and Responsibility Statement notifies inmates of California Penal Code § 148.76, which makes is a misdemeanor to knowingly submit false accusations against a peace officer. (Id. ¶ 13.) The form also notifies inmates that they may be subject to administrative discipline for submitting a false accusation. (Id.)

On July 19, 2017, plaintiff submitted appeal log no. SAC-C-17-02771, which was received by the CSP-SAC Appeals Office on July 19, 2017. (Id. ¶ 8.) The appeal was initially screened and rejected, and then eventually granted in part in a second level review on August 21, 2017. (Id.) An Appeal Inquiry investigation was conducted. (Id.) Plaintiff submitted this appeal to the CSP-SAC Appeals Office with a completed CDCR Form 1858 Rights and Responsibility Statement. (Id.)

The appeal was designated a third level review, no. 1711611, however, it was not accepted because it was missing a necessary supporting document, the CDCR Form 1858 Rights

////

8

1    and Responsibility Statement.[1]  (Id. ¶ 9.)  The appeal was rejected by OOA on November 16,

2    2017, because it was missing the CDCR Form 1858 Rights and Responsibility Statement, and

3    plaintiff received the rejected appeal with a letter that notified plaintiff that he could take

4    corrective action and resubmit the appeal within a certain timeframe as specified in the California

5    Code of Regulations.  (Id.)  Plaintiff resubmitted the appeal for third level review, but again it

6    was a missing CDCR Form 1858 Rights and Responsibility Statement.  (Id. ¶ 10.)  Plaintiff was

7    again notified by OOA, on January 8, 2018, that the appeal was rejected and that he could take

8    corrective action and resubmit the appeal.  (Id.)

9         Between December 5, 2017 and March 20, 2018, OOA received multiple Form 22

10   requests submitted by plaintiff pertaining to his appeal no. 1711611.  (Id. ¶ 15.)  Form 22s are

11   forms used to request items or services and are not administrative appeals.  (Id.)  Other than these

12   forms, plaintiff submitted two additional appeals.  On August 8, 2017, he submitted appeal log

13   no. SAC-17-03023, in which he referenced log no. SAC-17-02771 and requested the return of his

14   lost property.  This appeal was screened out and rejected because it contained multiple issues

15   within one appeal.  (Id. ¶ 16.)  Plaintiff did not resubmit this appeal.  Plaintiff also submitted no.

16   SAC-17-03056 on August 10, 2017.  (Id. ¶ 17.)  In this appeal, plaintiff requested that SAC-17-

17   02771 be processed by the appeals office.  (Id.)  Plaintiff attached his CDCR Form 1858 Rights

18   and Responsibility Statement, but it was screened out as plaintiff exceeded the number of appeals

19   allowed every fourteen days.  (Id.)  Plaintiff did not submit any other appeals relating to the

20   events at issue.  (Id. ¶ 18.)

21        VI.     Discussion

22        Plaintiff commenced this lawsuit on June 20, 2018.  Therefore, the court must determine

23   whether plaintiff exhausted his administrative remedies regarding his claims prior to that date,

24   _____

25   [1] Plaintiff states that he mailed ten documents showing that the Form 1858 was submitted.  ECF
     No. 74 at 1.  Plaintiff does not contest that he failed to submit the Form 1858 with his third level
26   review, but rather argues that the document was "in their computers."  Id.  Plaintiff further states
     the CC II Lacy can testify to this.  Id.  However, Lacy worked in the CSP-SAC Appeals Office,
27   not the third level CDCR Office of Appeals, so any statement by Lacy is irrelevant to the central
     issue in this matter as it is undisputed that plaintiff submitted the form with his second level
28   appeal but not his third.

9

1  and if not, whether plaintiff may be excused from the pre-filing exhaustion requirement.  <u>See</u>

2  <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 823–24 (9th Cir. 2010).

3         The record plainly shows that administrative remedies were available to plaintiff, and that

4  he used them repeatedly.  (<u>See</u> DSUF ¶¶ 9, 16, 17.)  On November 16, 2017, OOA screened-out

5  and mailed to plaintiff a rejection of plaintiff's appeal because he failed to include the necessary

6  supporting document, the Form 1858.  (<u>Id.</u> ¶ 9.)  The letter explained the reasoning, and informed

7  plaintiff that he could take corrective action and resubmit his appeal within a specified time.  (<u>Id.</u>)

8  Plaintiff resubmitted his appeal but it was again rejected on January 8, 2018, because it did not

9  contain the Form 1858.  (<u>Id.</u> ¶ 10.)  He was again provided with a rejection that provided the

10  reasoning as well as the opportunity to take corrective action and resubmit the appeal.  (<u>Id.</u>)  The

11  undisputed facts plainly show that plaintiff failed to submit the requisite CDCR Form 1858 with

12  his third level review.

13         Plaintiff submitted Form 22 requests pertaining to his appeal after it was rejected.

14  Additionally, plaintiff appears to argue that because he submitted the form with his second level

15  review, the form remained in the appeals system, and therefore, should be deemed submitted for

16  the purpose of a third level review.  <u>See</u> ECF No. 74 at 1.  However, defendants have presented

17  unrefuted evidence that while OOA maintains records of third level appeals, they do not maintain

18  records of lower level reviews.  ECF No. 83-1 ¶ 3.  Plaintiff has failed to demonstrate a dispute as

19  to this material fact.  Plaintiff has failed to provide any sort of reason for why, despite explicit and

20  repeated directions on how to properly file the appeal, he failed to supply OOA with the requisite

21  form to fully exhaust his administrative remedies.  Accordingly, this court finds that plaintiff has

22  not created a genuine dispute of material fact as to whether he fully exhausted his administrative

23  remedies prior to filing this action.

24         Plaintiff filed a supplementary filing, arguing that <u>Nunez v. Duncan</u>, 591 F.3d 1217 (9th

25  Cir. 2010); <u>Ross v. Blake</u>, U.S. 136 S. Ct. 1850 (2016), <u>McBride v. Lopez</u>, 807 F.3d 982 (9th Cir.

26  2015); and <u>Sapp v. Kimbell</u>, 623 F. 3d 813 (9th Cir. 2010), show that plaintiff took steps that

27  were reasonable to pursue administrative remedies, and thus his claim is not barred.  (ECF No. 85

28  at 1.)  However, these cases are not applicable to the facts at hand.  In <u>Nunez</u>, the plaintiff's

1   failure to comply with administrative remedies was excused because the warden in that case made

2   an error which undermined the exhaustion requirement.  Nunez, 591 F.3d at 1226.  In McBride,

3   the Ninth Circuit reversed a district court's holding of a failure to exhaust claim as untimely

4   because the threat of retaliation can effectively render the grievance process unavailable.

5   McBride, 807 F.3d at 987.  In Sapp, the court articulated that exhaustion requirements are

6   excused when prison officials improperly screen out a grievance.  Sapp, 623 F.3d at 828.

7   However, the plaintiff in Sapp was unsuccessful because plaintiff failed to file a form that was a

8   prerequisite to filing a grievance.  Id. at 827.  In Ross, the court determined that courts may not

9   excuse a plaintiff's failure to exhaust because the PLRA is a statutory scheme, and thus,

10   "Congress sets the rules – and courts have a role in creating exceptions only if Congress wants

11   them to.  For that reason, mandatory exhaustion statutes like the PLRA establish mandatory

12   exhaustion regimes foreclosing judicial discretion."  Ross, 136 S. Ct. at 1857.

13           Here, plaintiff was required to submit a form with his third-level appeal.  He did not

14   include the required form, and defendants have provided evidence that the forms submitted with

15   his first and second level appeals were not stored on computers for OOA to review during the

16   third level review.  Arguments by plaintiff stating otherwise are supported by any evidence and

17   are thus unavailing.  Moreover, plaintiff has not explained why he did not correct the deficiencies

18   and submit the form after he was provided with two opportunities to cure this defect.  The cases

19   that plaintiff cites are unhelpful to plaintiff's case.  Plaintiff has not raised a genuine issue as to

20   any material fact.  Accordingly, the court finds that summary judgment for defendants is

21   appropriate.

22           VII.     Motion for Hearing and Motion to Subpoena Witness

23           Plaintiff filed a motion requesting a hearing.  (ECF No. 81.)  Plaintiff states he wants a

24   "hearing of existence of 14th and 8th Amendment rights."[2]  (Id. at 1.)  Plaintiff has also requested

---

[2] Plaintiff was informed that if he wanted to oppose defendants' motion for summary judgment,
he needed to comply with Fed. R. Civ. P. 56, which included opposing the motion for summary
judgment in writing.  ECF No. 72-1 at 2.  He was also informed that he was required to respond
to defendants' DSUF by admitting or denying any disputed facts.  Id.  Rule 56 specifically
provides that a party asserting that a fact is genuinely disputed must support the assertion by
"citing to particular parts of materials in the record, including depositions, documents,

1   to subpoena two witnesses: Chief of Appeals, N. Sallustio; and Appeals Coordinator, C. Lacy.

2   (ECF No. 82.)

3       There is no right to a hearing on a motion for summary judgment.  See Fed. R. Civ. P.

4   78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs,

5   without oral hearings."); Willis v. Pac. Maritime Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001)

6   (explaining that the "judge has the discretion, when considering a motion for summary judgment,

7   to determine whether or not to hold an oral hearing").  On this basis, the court denies plaintiff's

8   request for a hearing.  Moreover, in the event plaintiff is requesting an evidentiary hearing to call

9   the two proposed witnesses to testify, "ordinarily there is no such thing as an evidentiary hearing

10  ... on a summary judgment motion."  Thompson v. Mahre, 110 F.3d 716, 719 (9th Cir. 1997).

11      Moreover, in the event that plaintiff's motion for subpoenas is a motion pursuant to

12  Federal Rule of Civil Procedure 56(d) to defer defendants' summary judgment in order to obtain

13  additional discovery, Rules 56 provides that "[i]f a nonmovant shows by affidavit or declaration

14  that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

15  (1) defer considering the motion or deny it; or (2) allow time to obtain affidavits or declarations

16  or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  Aside from

17  not providing affidavits or declarations, plaintiff has not pointed to how the subpoenas would help

18  his case.  The court notes that C. Lacy submitted a declaration which clearly demonstrates that C.

19  Lacy worked on plaintiff's second level review, and not the third level review at issue.  (See ECF

20  No. 83-2 ¶¶ 1-2.)  For these reasons, plaintiff's motions are denied.

21      VIII.   Plain Language Summary for Pro Se Litigant

22      The undersigned is recommending that defendants' motion for summary judgment be

23  granted, and that any remaining claims be dismissed.  The reason for this is because you did not

24  provide any evidence that the Office of Appeals had the required Form 1858 Rights and

25  Responsibility Statement when you submitted your third-level appeal.  Defendants submitted

26  ─────────────────

27  electronically stored information, affidavits or declarations, stipulations (including those made for
    purposes of the motion only), admissions, interrogatory answers, or other materials," Fed. R. Civ.
    P. 56(c)(1)(A).  Plaintiff had ample opportunity to provide support and evidence but elected not

28  to.  He cannot circumvent the rules with a hearing to argue his case.

12

1    evidence that OOA did not have this form.  Because they did not have this form, you did not

2    properly exhaust your administrative remedies prior to bringing this action.  Additionally, your

3    requests for a hearing and to subpoena witnesses are denied.  There is no right to these types of

4    hearings when arguing a motion for summary judgment.  Additionally, you did not comply with

5    the Federal Rules in opposing the defendants' motion.

6            Accordingly**, IT IS HEREBY ORDERED** that:

7            1.  Plaintiff's motion for a hearing (ECF No. 81) is denied.

8            2.  Plaintiff's motion to subpoena witnesses (ECF No. 82) is denied.

9            **IT IS FURTHER RECOMMENDED** that:

10           1.  Defendants' motion for summary judgment (ECF No. 72) be granted and claims

11   against defendants be dismissed.

12           2.  Judgment be entered for defendants.

13           These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen days**

15   **after being served with these findings and recommendations, any party may file written**

16   **objections with the court and serve a copy on all parties.**  Such a document should be

17   captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Any response to**

18   **the objections shall be served and filed within seven days after service of the objections.**

19   **Due to exigencies in the court's calendar, there will be no extensions of time granted.**  The

20   parties are advised that failure to file objections within the specified time may waive the right to

21   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22   Dated:  August 28, 2020

23                                                    _____
                                                     CAROLYN K. DELANEY
24                                                   UNITED STATES MAGISTRATE JUDGE

25

26   18:youn1901.msj.f&r.cjra

27

28

                                                  13